UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-57-TLS |
| | ) | |
| JAMES L. LeSHORE | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion Pursuant to Fed. R. Civ. P. 60(b)(1) OR (6) [ECF No. 136] filed by the Defendant, James L. LeShore, on June 4, 2012. In his Motion, the Defendant states that he did not receive a copy of the Court's August 26, 2011, Opinion and Order [ECF No. 133], in which the Court denied his 28 U.S.C. § 2255 Motion [ECF No. 119] and his Motion to Amend his § 2255 Motion [ECF No. 131]. He states that he did not learn of this Court's denial of his § 2255 Motion until April 26, 2012, and therefore requests the Court to grant him relief under Rule 60(b)(1) or (6). Specifically, he requests that the Court vacate its August 26, 2011, Opinion and Order and then reissue the Opinion and Order so that he may file a notice of appeal within the required time period. The Defendant argues that the relief he requests is appropriate because of the "extraordinary circumstances and/or excusable neglect or mistake on the part of the Court's case manager, who is responsible for forwarding the Court's orders to the respective parties." (Mot. 3, ECF No. 136.) In its Order of November 19, 2012, the Court noted that it appears the Defendant was not, in fact, given notice as required by Rule 77(d) due to the Clerk's failure to include the Defendant's inmate number on the mailing of the August 26, 2011, Opinion and Order.

The Government filed a Response [ECF No. 138] to the Defendant's Rule 60(b) Motion on December 10, arguing that the Court is without authority to grant leave to amend under Rule

60(b) because Federal Rule of Appellate Procedure 4(a)(6) provides the exclusive method by which a district court may reopen the time in which to file an appeal.

A defendant may challenge the denial of a § 2255 petition by filing a notice of appeal within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). "The timely filing of a notice of appeal is 'mandatory and jurisdictional.'" *DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1988) (quoting *Browder v. Director, Dept. of Corrs. of Ill.*, 434 U.S. 257, 264 (1978)). Federal Rule of Civil Procedure 77 provides:

> Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).

Fed. R. Civ. P. 77(d)(1). But lest a party attempt to use lack of notice by the clerk as an excuse for failure to timely file an appeal, Rule 77 continues:

> Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

Fed. R. Civ. P. 77(d)(2). Federal Rule of Appellate Procedure 4(a)(6) provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The Advisory Notes to the 1991 Amendment to Rule 4 state that "[t]his provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal."[1]

Finally, Federal Rule of Civil Procedure 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief."

Prior to the 1991 Amendments to Appellate Rule 4, courts routinely used Civil Procedure Rule 60(b) to reinstate orders of judgment, allowing for the possibility of appeal when a claimant had not been served with the appropriate notice. *Vencor Hospitals, Inc. v. Standard Life and Acc. Ins.*, 279 F.3d 1306, 1310 (11th Cir. 2002). But after the addition of Rule 4(a)(6), the Eleventh Circuit held in *Vencor Hospitals* that "Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered" and that "Federal Rule of Civil Procedure 60(b) cannot be used to circumvent the 180-day limitation set forth in Rule 4(a)(6)." *Id.* at 1311. At least three other circuits have agreed. *See Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) (finding "no latitude on the clear and restrictive language of Rule 4(a)(6)" and holding that Rule 60(b) cannot be used to cure lack of notice); *In re Stein*, 197 F.3d 421, 425 (9th Cir. 1999) (finding that the specificity of Rule 4(a)(6) and Rule 77(d) "precludes the use of [Rule 60] to cure problems of lack of notice"); *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994) (same). Although the Seventh Circuit has not addressed this exact issue, it has stated that "[l]ack of notice does not fit any of

---
[1] Federal Rule of Appellate Procedure 26(b) states: "For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires. But the court may not extend the time to file . . . a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal."

the categories in [Rule 60(b)], and [Rule 77(d)] tells district courts to leave their judgments alone unless some other rule allows revision. Prevailing litigants acquire rights that courts should not monkey with." *Firmansjah v. Ashcroft*, 347 F.3d 625, 626–27 (7th Cir. 2003); *cf. Bartz v. Endicott*, No. 99-C-373, 2005 WL 2076594, at *3 (E.D. Wis. Aug. 26, 2005) (finding that Rule 60(b) "cannot be used to circumvent the 180-day limitation provided for in Rule 4(a)(6)").

The Court agrees with previous courts that have addressed this issue. Rule 77(d)(2) specifically states that lack of notice from the clerk does not authorize a court to relieve a party for failing to file a notice of appeal within the time allowed "except as allowed by Federal Rule of Appellate Procedure (4)(a)." Rule 4(a) specifically provides that a court may only reopen the time in which to file an appeal if such a request comes to the court within 180 days of the judgment. Furthermore, the Seventh Circuit has noted that lack of notice is not one of the categories allowing for relief under Rule 60(b), and that as a general matter district courts should "leave their judgments alone unless some other rule allows revision." *Firmansjah*, 347 F.3d at 627. Although it can produce harsh results, the exclusive remedy allowed by Rule 4(a)(6) "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." *Vencor Hospitals*, 279 F.3d at 1309.

Accordingly, because it finds that the clear language of Rule 4(a)(6) and Rule 77(d) preclude the relief the Defendant is requesting under Rule 60(b), and because it finds that the Seventh Circuit would likely agree, the Court will deny the Defendant's Motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's Motion Pursuant to Fed.R.Civ.P. 60(b)(1) OR (6) [ECF No. 136]. The Court notes that the Defendant may appeal this Opinion and Order.

SO ORDERED on January 29, 2013.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT