UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:05-CR-57-HAB |
| | ) | |
| JAMES L. LESHORE | ) | |

## OPINION AND ORDER

Before the Court is Defendant's letter requesting "to be relieved of my 5 yr. probationary order." (ECF No. 161). The Court construed defendant's letter as a *pro se* Petition for Early Termination of Supervised Release ("the Petition"). Upon receipt of the Petition, the Court directed the Probation Office to file a report in response to it and to include in the report the Government's position regarding the Defendant's petition. (ECF No. 163). Probation filed its report on January 21, 2025. (ECF No. 164). The report specifically noted the Government's objection to the Petition. Upon review of the Defendant's request and discussions with the Defendant's probation officer, the Court is inclined to modify the Defendant's conditions of supervised release as identified below. However, because the Government is entitled to notice and an opportunity to be heard on the Court's proposal, the Defendant's Petition shall remain under advisement and the Government shall be given time to file a response.

## PROCEDURAL BACKGROUND

Defendant was convicted of armed bank robbery and use of a dangerous weapon during and in relation to a crime of violence. The Court sentenced him to 84 months for the bank robbery and a consecutive 84 months' imprisonment on the gun count with a five (5) year term of supervised release and a restitution order of $3,972.00.

As set forth in the probation report, Defendant entered a credit union brandishing a firearm and forced employees, including a pregnant employee, to the floor. Another individual with Defendant proceeded to the bank vault and filled a bag with $5,672.00. Defendant and his accomplice exited the bank and left in a blue van, which they later ditched for another vehicle. Subsequently, the Defendant's friend called 911 advising that Defendant was at her residence with red stained money and she believed he had robbed a bank. Defendant was apprehended wearing clothing items that matched the description of the individual inside the bank during the robbery.

The Defendant was released from the Bureau of Prisons on December 29, 2017, and was taken into custody by the State of Indiana to serve sentences he received on several state cases. After completing his state sentence, the Defendant began his term of supervision, said term beginning on September 29, 2022. His term of supervision ends on September 29, 2027.

## DISCUSSION

Title 18 of the United States Code, Section 3583(e) governs both early termination and modification of terms of supervised release. The statute provides that a court may, after considering factors set forth in 18 U.S.C. § 3553(a), terminate supervised release early or modify the conditions of it. 18 U.S.C § 3583(e). After considering the § 3553(a) factors, the court may terminate said term if the following conditions are met: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the pertinent § 3553(a) factors and the defendant's conduct. 18 U.S.C. § 3583(e)(1); *see United States v. O'Hara*, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011).

"Generally, the conduct of a defendant must establish more than simply successfully complying with the terms of his supervision, for if this were simply enough, nearly every defendant who avoided revocation would be eligible for early termination." *United States v. Branscumb*, No.

2

109CR10023MMMJEH, 2019 WL 6501208, at *3 (C.D. Ill. Nov. 12, 2019), *report and recommendation adopted*, No. 09-10023, 2019 WL 6499067 (C.D. Ill. Dec. 3, 2019); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018) (affirming district court where the court found that the Defendant "at best has merely complied with the terms of supervision"). "Early termination of supervised release under § 3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *Id.*; *see, e.g., United States v. Kay*, 283 F. App'x 944, 946–47 (3d Cir. 2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *Folks v. United States*, 733 F. Supp. 2d 649, 651–52 (M.D.N.C. 2010); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *United States v. Caruso*, 241 F. Supp. 2d 466, 468–69 (D.N.J. 2003); *United States v. Medina*, 17 F. Supp. 2d 245, 246–47 (S.D.N.Y. 1998). It is, moreover, the defendant who bears the burden of demonstrating that early termination is warranted. *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003).

Since beginning his supervision, the Defendant has paid all restitution, obtained a driver's license and completed the 160 Driving Academy for individuals seeking to obtain a CDL. Defendant is employed with U.S. Xpress and has taken steps to advance in his position with that employer. Most recently, Defendant upgraded his license which enabled him to obtain his own truck with U.S. Xpress. The Defendant has maintained his sobriety and has consistently passed all drug screenings administered by his probation officer. Finally, the Defendant has married, and he and his wife are undergoing family counseling with their church.

Defendant by all accounts has complied with the terms of his supervision and is taking the steps the Court would hope all Defendants would to right the ship. However, Defendant has not provided a basis, aside from his compliance, that would incline the Court to terminate his

3

supervision. But given the positive rehabilitative steps that the Defendant has attained during the early years of his supervision, the Court is inclined to revise his terms of supervision as follows:

1. The Defendant shall not commit another Federal, State, or local crime, during the period of supervision.

2. The Defendant shall not unlawfully possess a controlled substance.

3. The Defendant shall refrain from any unlawful use of a controlled substance.

4. The defendant shall make reasonable effort to maintain employment at a lawful occupation, unless excused by the probation officer for acceptable reasons (e.g., schooling, training, childcare, elder care, disability, age, or serious health condition) or shall pursue a course of study or vocation training that will equip the Defendant for employment at lawful occupation.

5. The Defendant shall not knowingly possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6. The Defendant shall report to the probation officer as reasonably directed by the Court or the probation officer.

7. The Defendant shall report to the probation officer within 72 hours of being arrested or questioned by a police officer.

8. The Defendant shall participate in substance abuse testing, which may include testing for the detection of alcohol, controlled substances, or illegal mood-altering substances.

Because the Government has not had an opportunity to weigh in on this proposed course of action, the Court now directs the Government to file its response to the Court's proposal within

14 days indicating any disagreement with the proposed terms of supervision and a basis for that disagreement. If the Government has no objection to the Court's proposed modifications to the Defendant's supervision, it may file a notice of no objection within 14 days.

SO ORDERED on February 11, 2025.

s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT